# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALVARO LUPIAN LUA, <br><br> Defendant. | Case No. 1:14-cv-01350-MCE-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE PARTIALLY GRANTED <br><br> ECF No. 19 <br><br> OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On February 25, 2015, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a motion for default judgment. (ECF No. 19.) The motion for default judgment was referred to the undersigned magistrate judge for findings and recommendations. Local Rule 302.

The hearing on Plaintiff's motion took place on April 1, 2015. Thomas P. Riley appeared on behalf of Plaintiff. No one appeared on behalf of Defendant. For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be partially granted.

## I.

## BACKGROUND

Plaintiff filed the complaint in this matter on August 28, 2014. (ECF No. 1.) Plaintiff's complaint alleges that Defendant Alvaro Lupian Lua ("Defendant") is the owner/operator of the commercial establishment "El Progreso 4 Bar" operating at 40594 Lincoln Road, Suite B in

1

1   Cutler, California.  (Compl. ¶ 7.)  Plaintiff further alleges that Plaintiff possesses the exclusive
2   nationwide commercial distribution rights to "The One" Floyd Mayweather, Jr. v. Saul Alvarez
3   WBC Light Middleweight Championship Fight Program, which was telecast on September 14,
4   2013 (hereinafter "the Program").  (Compl. ¶ 14.)  Plaintiff alleges that Defendant broadcasted
5   the Program at his commercial establishment without Plaintiff's permission.  (Compl. ¶ 17.)
6   Plaintiff's complaint raises claims under 47 U.S.C. § 605, 47 U.S.C. § 553, for conversion under
7   California law, and for violation of California Business and Professions Code § 17200.

8       Defendant has not filed a response to Plaintiff's complaint or otherwise appeared in this
9   action.  On January 30, 2015, Plaintiff sought and obtained entry of default against Defendant.
10  (ECF Nos. 17, 18.)  Plaintiff filed the present motion for default judgment on February 25, 2015.
11  (ECF No. 19.)

12      Plaintiff submitted a declaration from private investigator Alan Meindersee in support of
13  the motion for default judgment.  Mr. Meindersee stated that he visited the El Progresso 4 Bar on
14  September 14, 2013 at approximately 9:42 p.m.  Mr. Meindersee saw a color television airing a
15  boxing match with a "Showtime PPV" trademark logo in the corner of the screen.  Mr.
16  Meindersee noted that it was late in Round 2 of the fight between Floyd Mayweather Jr. and
17  Canelo Alvarez.  Mr. Meindersee watched the fight through the first minute of Round 3.  Mr.
18  Meindersee noted that the television was on top of a small shelf in the northwest corner of the
19  room and the television was approximately 36 inches to 42 inches.

20      Mr. Meindersee described El Progresso 4 Bar as "a medium sized Mexican bar in poor
21  condition," "[s]ituated within the rural unincorporated community of Cutler" in Tulare County.
22  Mr. Meindersee stated that "its'[sic] clientele appeared to primarily consist of Spanish speaking
23  laborers."  Mr. Meindersee further noted that there did not appear to be a cover charge for
24  admission.  Mr. Meindersee counted over 80 patrons in the business establishment on three
25  separate occasions, with the capacity of the bar to be approximately 70-80 patrons.  Plaintiff left
26  the premises at approximately 9:47 p.m.

27      Plaintiff seeks $6,600 in damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $25,000 in
28  damages under 47 U.S.C. § 605(e)(3)(C)(ii).  Plaintiff also seeks $2,200.00 in damages on its

conversion claim as well as additional attorneys' fees and costs to be determined by motion at a later date.

## II.

## LEGAL STANDARDS FOR DEFAULT JUDGMENT

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp., 549 F. Supp. 2d at 1236. Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is committed to the Court's discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

## III.

## DISCUSSION

Plaintiff seeks default judgment in the amount of $33,800.00, plus additional attorneys' fees and costs to be determined by motion at a later date.

A.  **Default Judgment on Plaintiff's 47 U.S.C. § 605 Claim[1]**

Plaintiff seeks $6,600.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) (hereinafter referred to as "(C)(i)(II) Damages") and $25,000.00 in statutory "enhanced[2]" damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) (hereinafter referred to as "(C)(ii) Enhanced Damages").

Both (C)(i)(II) Damages and (C)(ii) Enhanced Damages stem from violations of 47 U.S.C. § 605(a).  Section 605(a) prohibits the unauthorized interception and distribution of communications.  47 U.S.C. § 605(a).  "[L]iability under section 605 requires proof that a defendant has (1) intercepted or aided the interception of, and (2) divulged or published or aided the divulging or publishing of, a communication transmitted by the plaintiff."  California Satellite Systems v. Seimon, 767 F.2d 1364, 1366. (9th Cir. 1985).  Plaintiff's complaint states a claim for a violation of Section 605.  See J and J Sports Productions v. Coyne, 857 F. Supp. 2d 909, 914 (N.D. Cal. 2012) (commercial establishment violated Section 605 by broadcasting pay-per-view boxing match without authorization).

1.  Claim for (C)(i)(II) Damages

Plaintiff requests $6,600.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), which states:

> (3)(A)  Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction.
> ...
> (C) (i)  Damages awarded by any court under this section shall be computed, at the election of the aggrieved party , in accordance with either of the following subclauses;
> ...
> (II)  the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just....

---

[1] Since the Court recommends that default judgment be entered on Plaintiff's Section 605 claims, the Court need not address Plaintiff's 553 claims, which were plead as an alternative to Plaintiff's Section 605.

[2] Although the term "enhanced" does not appear anywhere in the statute, courts have characterized the damages under Section 605(e)(3)(C)(ii) as "enhanced" damages.  See, e.g., Joe Hand Promotions, Inc. v. Streshly, 655 F. Supp. 2d 1136 (S.D. Cal. 2009); Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196 (N.D. Cal. 2000).  Accordingly, the Court will use the same term when referencing damages under this section.

4

Courts have taken several different approaches when establishing the appropriate amount of (C)(i)(II) Damages. In <u>Kingsvision Pay-Per-View, Ltd. v. Backman</u>, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000), the Court awarded the statutory minimum of $1,000 and reasoned that "distributors should not be overcompensated and statutory awards should be proportional to the violation." In <u>J & J Sports Productions, Inc. v. Betancourt</u>, No. 08CV937 JLS (POR), 2009 WL 3416431, at *4 (S.D. Cal. Oct. 20, 2009), the Court considered the statute's policy of deterring future violations and looked at whether the circumstances were egregious or unusual.

The Court finds that an award of $2,500 is appropriate in this action. The Court notes that the record submitted by Plaintiff is sparse. The Court notes that there is no evidence which explains Defendant's involvement in the alleged interception and unauthorized broadcast of the Program. It is unclear if Defendant was directly involved in the piracy or whether it was an employee or some other subordinate. It is unclear if Defendant was even aware of the piracy. The evidence pertaining to Defendant appears to be limited to the fact that Defendant's name appears on the liquor license for El Progresso 4 Bar.

There is also little to no evidence regarding the extent of the commercial advantage gained by Defendant as a result of the alleged piracy. Plaintiff's private investigator reports that approximately 80 patrons were present at El Progresso 4 Bar when the Program was broadcast, but that information fails to convey much information to the Court in terms of the extent of the commercial advantage gained by Plaintiff since the Court has no information regarding how many patrons are present under normal circumstances when no fight is broadcast.

Plaintiff does inform the Court that a second action was filed by Plaintiff against Defendant, <u>J & J Sports Productions, Inc. v. Alvaro Lupian Lua</u>, Case No. 1:14-cv-01584-KJM-MJS. However, both actions were filed after both incidents of unauthorized pay per view broadcasting. Accordingly, while Plaintiff may technically be a repeat offender, the inference of deliberate wrongful acts does not exist here as it would in the case of someone who continues to pirate pay per view programs after being served with a lawsuit.

At the hearing, Plaintiff's attorney informed the Court that the September 14, 2013 match between Mayweather and Alvarez was the biggest pay per view fight in history and that there

were no pay-per-view sales in Cutler, California. Plaintiff argued that the lack of sales in Cutler was unusual and was attributable to Defendant's piracy. The Court rejects these arguments. First, there is no evidence in the record establishing these facts. There is no evidence submitted by Plaintiff regarding the Program being the biggest pay per view fight in history and there is no reliable evidence submitted by Plaintiff regarding the pay per view sales in Cutler. Even if Plaintiff had established these facts, there is little evidence supporting the inference that a causal connection exists between Defendant's actions and the absence of pay per view sales in Cutler.

All-in-all, there is little evidence of "egregious willfulness that would warrant harsh punitive damages." Backman, 102 F. Supp. 2d at 1199. There is no evidence that the broadcast was advertised. The Court notes that, in order to obtain commercial advantage, Defendant would have had to let potential customers know of the broadcast, and it is unclear whether such advertising and promotion of the illegally pirated broadcast took place, or to what extent it took place. Plaintiff admits that there was no cover charge.

The Court finds that a $2,500 award, considered in combination with the $2,200.00 award on Plaintiff's conversion claim and the additional amount in attorneys' fees and costs, is appropriate. The $2,200.00 plus attorneys' fees and costs effectively puts Plaintiff in the position would have been if Defendant paid the license fee to legally broadcast the Program. The additional $2,500.00 in damages serves the statute's purpose of deterring future violations. Future violations by the same Defendant may warrant higher amounts of statutory damages.

2. <u>Claim for (C)(ii) Enhanced Damages</u>

Plaintiff requests the maximum amount of "enhanced" statutory damages available under 47 U.S.C. § 605(e)(3)(C)(ii), which states:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

The (C)(ii) Enhanced Damages are analogous to punitive damages, as they are awarded at the Court's discretion in cases where a defendant's actions are willful and for the purpose of

6

financial gain.  See BMW of North America, Inc. v. Gore, 517 U.S. 559, 580 (1996) (purpose of punitive damages is to punish and deter egregiously improper conduct).  Factors considered by courts in assessing (C)(ii) Enhanced Damages include (1) repeat violations, (2) the extent of the unlawful monetary gains, (3) actual damages to the plaintiff, (4) the defendant's advertising for the broadcast of the event, (5) charging cover to enter the establishment to view the event, or (6) charging a premium for food or drinks during the event.  See, e.g., Kingsvision Pay-Per-View, Ltd. v. Gutierrez, 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008); Kingsvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000).

For the same reasons discussed above, with respect to (C)(i)(II) Damages, the Court finds that (C)(ii) Enhanced Damages are not appropriate.  Repeat violations do not justify enhanced damages in this instance, because the two violations identified by Plaintiff occurred prior to the initiation of any lawsuit.  Plaintiff has made little-to-no showing of unlawful monetary gains. The actual damages to Plaintiff are relatively low.  There is no evidence of any advertising for the broadcast of the event.  There was no cover charged to view the event.  There is no evidence of a premium charged for food or drinks during the event.

There is little evidence supporting the conclusion that Defendant's actions were committed willfully and for purposes of direct or indirect commercial advantage or financial gain.  The Court notes that Plaintiff presented no evidence of Defendant's actions.  Thus it is unclear whether Defendant acted deliberately or even knew that the piracy was occurring at El Progresso 4 Bar.  There is no evidence regarding the purpose of the unauthorized broadcast. Plaintiff offered no evidence that Defendant advertised the unauthorized broadcast to drum up business.

Based upon the foregoing, the Court finds that Plaintiff has failed to carry its burden in demonstrating that (C)(ii) Enhanced Damages are appropriate and therefore recommends that Plaintiff's request for (C)(ii) Enhanced Damages be denied.

### B.     Default Judgment on Plaintiff's Conversion Claim

Plaintiff seeks $2,200.00 in damages for conversion.  Under California law, the elements for the tort of conversion are: (1) ownership or right to possession of property, (2) wrongful

disposition of the property right of another, and (3) damages.  <u>Don King Productions/Kingsvision v. Lovato</u>, 911 F. Supp. 419, 423 (N.D. Cal. 1995).  Wrongful interception of television broadcasts can constitute conversion.  <u>Id.</u>

Plaintiff submitted evidence demonstrating that Defendant would have paid $2,200.00 to Plaintiff if Defendant lawfully obtained the license to broadcast the Program at El Progresso 4 Bar.  Accordingly, the Court finds that $2,200.00 is an appropriate damage award for Plaintiff's conversion claim.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for default judgment be PARTIALLY GRANTED and that judgment be entered in favor of Plaintiff and against Defendant in the total amount of $4,700.00, representing damages on both Plaintiff's Section 605 claim and Plaintiff's conversion claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 1, 2015**

UNITED STATES MAGISTRATE JUDGE